

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 FEB 24  PM 4: 23

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ADOLPH HICKS                                         CIVIL ACTION

VERSUS                                               NUMBER: 05-0878

N. BURL CAIN, WARDEN                                 SECTION: "R"(5)


**REPORT AND RECOMMENDATION**


Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for writ of habeas corpus of petitioner, Adolph Hicks, the State's response thereto, and petitioner's traverse to the State's response. (Rec. docs. 1, 3, 4). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Hicks' petition be dismissed with prejudice.

Petitioner Hicks is a state prisoner who is presently *incarcerated* at the Louisiana State Penitentiary, Angola, Louisiana. On April 19, 1983, Hicks, was found guilty of second degree murder after trial, by jury, in the Criminal District Court

___ Fee _____
___ Process _____
_X_ Dktd _____
_✓_ CtRmDep _____
___ Doc. No. _____

for the Parish of Orleans, State of Louisiana.  On June 2, 1983, Hicks was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.  Hicks' conviction was affirmed on direct appeal.  State v. Hicks, 483 So.2d 1200 (La. App. 4th Cir.), writ denied, 488 So.2d 197 (La. 1986).  Hicks' conviction thus became final long ago in 1986.

Because Hicks' conviction became final before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), he had one year, or until April 24, 1997, within which to file his habeas petition in this Court, Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998), excluding any time that "... a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim ..." was pending in the state courts. 28 U.S.C. §2244(d)(2). Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

A review of the state court record provided by the respondent reveals that Hicks had no applications for post-conviction relief or other collateral review pending before the state courts in the one-year grace period allowed by Flanagan.  His petition is thus untimely unless it is saved by statutory or equitable tolling.  In his traverse to the State's response, Hicks argues that the

2

§2244(d)(1) one-year limitation period should be measured not from the AEDPA's effective date, but from June 27, 2003, the date that the Louisiana Supreme Court handed down its decision in State v. Dilosa, 848 So.2d 546 (La. 2003).

Section 2244(d)(1)(D) provides that the one-year limitation period for filing a timely habeas petition can run from "... the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Unfortunately for Hicks, the Fifth Circuit has interpreted §2244(d)(1)(D)'s reference to "factual predicate" to mean evidentiary facts or events and not court rulings or the recognition of the legal consequences of the facts. Ybanez v. Johnson, 204 F.3d 645, 646-47 (5th Cir.), cert. denied, 531 U.S. 881, 121 S.Ct. 193 (2000); Cortez v. Dretke, 2003 WL 22862684 at *2 (N.D. Tex. 2003); Kessinger v. Cockrell, 2003 WL 22056005 at *4 (N.D. Tex. 2003)("facts" does not include state court decisions). In light of the foregoing authorities, it is thus inappropriate to measure the one-year limitation period from the date of the Louisiana Supreme Court's decision in Dilosa.

Moreover, in Dilosa, the Louisiana Supreme Court found that Article 412 and portions of Articles 413 and 414 of the Louisiana Code of Criminal Procedure were unconstitutional local laws within the meaning of Article III, §2 of the Louisiana Constitution. Dilosa, 848 So.2d at 548. Dilosa was not decided on federal

constitutional grounds.  <u>Hymel v. Cain</u>, 2004 WL 2984804 at *5 (E.D. La. 2004).  That being the case, it provides no basis for federal habeas relief here.  28 U.S.C. §2254(a); <u>Engle v. Isaac</u>, 456 U.S. 107, 102 S.Ct. 1558 (1982), <u>Hymel</u>, 2004 WL 2984804 at *4.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Adolph Hicks be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this ⟨24⟩ day of ⟨Feb⟩ _____, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

4